**TRADEWATER MINING COMPANY (formerly Pyro Mining Company), Appellant,**

v.

**REVENUE CABINET COMMONWEALTH OF KENTUCKY, Appellee.**

No. 87-SC-647-DG.

Supreme Court of Kentucky.

June 30, 1988.

Jackson W. White, Stoll, Keenon & Park, Lexington, for appellant.

James D. Brannen, John C. Tobin, Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which affirmed a judgment of the circuit court holding that the operating expenses of the mining company's loading dock facility were properly included in the gross valuation of the mining company's coal for coal tax severance purposes. The circuit court had reversed an order of the Board of Tax Appeals holding otherwise.

The questions presented relate to the proper imposition of the coal severance tax and the meaning of the terms "gross value," "processing" and "transportation" as set out in KRS 143.010(6), KRS 143.010(8) and KRS 143.010(11).

Tradewater is an Illinois corporation engaged in the business of underground mining, processing, transporting and marketing coal. It operates four underground mines near Sturgis.

The mining operations are conducted by extracting coal through drilling and detonating explosives. The coal is then carried to the surface on conveyor belts which

continue to the processing plant where the coal is washed to remove impurities. Some of the coal is then loaded into railroad cars and transported by rail directly to customers. The rest of the coal is loaded onto trucks which haul it twelve miles to the company's barge and dock facility on the Ohio River. Upon delivery to the dock, the coal is placed on conveyor belts which load the coal on barges moored at the dock. Once loaded, the barges take the coal over the Ohio and Mississippi River systems to customers. All the expenses incurred in operating the processing plant and dock facility are paid by Tradewater.

Beginning July 1, 1978 through October 31, 1980, the Revenue Cabinet audited the records of Tradewater and issued a deficiency assessment claiming an additional $63,770 in coal taxes for the audit period. These assessments resulted from the determination by Revenue that the operating expenses of the dock facility should have been included in "gross value" for coal tax purposes pursuant to KRS 143.010(6).

The Board of Tax Appeals determined that the costs of the dock facilities are excluded from gross value. The circuit court reversed the Board determining that the statutory definition of transportation expenses and the costs of dock loading facilities are not excluded in transportation expenses under KRS 143.010(11)(d), but rather are processing expenses included in gross valuation of the coal for severance tax purposes. The Court of Appeals affirmed holding that while transportation expenses were excluded from the gross value of the coal, the costs of loading and unloading facilities were specifically excluded by KRS 143.010(11)(d) from transportation expenses.

This Court reverses the decision of the Court of Appeals.

■ The plain meaning of KRS 143.-010(6) is that the legislature intended that the gross value of coal for severance tax purposes is to be computed in the same manner as the "gross income from the property" was computed under Section 613(c) of the Internal Revenue Code as was in effect on December 31, 1977, with the exception that "transportation" expenses would not be considered as gross income from the property. Those expenses which constitute gross income from the property under Section 613(c) are used to compute gross value. However, those expenses which constitute transportation expense as defined in KRS 143.010(11) shall not be included in "gross value," even though they may be included in "gross income" from the property under Section 613(c).

On its Federal corporate income tax returns for the period, Tradewater would not have included in "gross income from mining" amounts allocable to the operating expenses of the dock under IRC § 613(c). Tradewater did not include such expenses in "gross value" for coal tax purposes under KRS 143.010(6) consistent with its treatment of the operating expenses from the dock for determining "gross income from property" for Federal depletion purposes.

KRS 143.010(8) provides in part that "processing includes cleaning, breaking, sizing, dust alloying, treating to prevent freezing, or unloading for shipment...." These procedures are necessary steps in the mining process. Loading for shipment at the processing plant is the last step in the continuing mining process. Thereafter, all loading and unloading costs are nonmining transportation costs.

KRS 143.010(11)(a) and (b) eliminate the transportation expenses which are includable in Section 613(c)(2) IRC as mining transportation costs. KRS 143.010(11)(c) is a codification of the exclusion under Federal Treasury Regulations 1.613–3(g)(3). Section 11(d) provides that the cost of loading and unloading facilities are includable.

KRS 143.010(6) is synonymous with the IRC § 613(c) in that both include extraction and treatment processing costs in determining gross income from property or gross value. The Kentucky statute eliminates transportation costs as an element of gross value. KRS 143.010(11)(d) makes it clear that the legislature wanted to maintain loading and unloading costs incidental to mining as processing costs and not to eliminate these costs under its general ex-

emption of transportation costs. IRC 613(c)(4)(A) defines what is included in processing costs in an identical manner as KRS 143.010(8).

Consequently we must determine what is a loading and unloading cost incidental to mining. We have no guidance from Kentucky law and therefore we must consider interpretations under IRC § 613(c). Treasury Regulation § 1.613–3(d)(4) excludes certain transportation expenses for the determination of gross income from property. Regulation 1.613–3(d)(4) states in part that nonmining transportation includes the transportation of minerals, or the products produced therefrom, from the point of extraction from the ground to nonmining facilities, or *from a mining facility to a nonmining facility.* The dock facility in question is a nonmining facility, and the loading and unloading cost of this facility are nonmining transportation costs under IRC § 613. The processes necessary or incidental to obtaining the commercially marketable product have already been completed prior to the time the coal has arrived at the dock facility. In Kentucky, the loading and unloading of coal incident to the mining process is taxable, but the loading and unloading of coal related to nonmining transportation is not taxable.

It is the holding of this Court that the dock facility did not come within the meaning of "gross income from property" under the IRC. The operating expenses of the dock should not be included in gross value for the imposition of the coal tax under KRS 143.010(6).

The decision of the Court of Appeals and the circuit court is reversed.

All concur.